UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COREY SMITH, | CASE NO. C14-1896-BJR |
| Plaintiff, | ORDER DENYING MOTION FOR EXTENSION OF TIME AND GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| AMERICAN FAMILY INSURANCE, | |
| Defendant. | |

The Court, having received and reviewed Defendant American Family Insurance's

Motion for Partial Summary Judgment (Dkt. No. 33),  Defendant American Family Insurance's

Reply in Support of Defendant's Motion for Partial Summary Judgment (Dkt. No. 38), and

Plaintiff's "Order Granting Stipulated Motion to Continue Trial Pretrial Deadlines and Partial

Summary Judgment" (Dkt. No. 39), rules as follows:

IT IS ORDERED that Plaintiff's request for additional time to prepare his response to

Defendant's motion is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for partial summary judgment is

GRANTED; Plaintiff's claim of an IFCA violation is DISMISSED with prejudice.

**Discussion**

I.   Plaintiff's motion for extension of time

On July 5, 2016, Defendant filed this motion for partial summary judgment, seeking dismissal of Plaintiff's claim that its conduct violated the Insurance Fair Conduct Act ("IFCA"). On July 8, the Court granted permission for Plaintiff's counsel to withdraw.  Dkt. No. 35.  On July 25 (the day Plaintiff's responsive brief would have been due), Plaintiff filed a request for a 60-day continuance to obtain counsel.  Dkt. No. 36.  The Court granted him a 30-day extension and ordered him to file a response to Defendant's motion by August 22.  Dkt. No. 37.  Plaintiff filed no response; instead, three days after that deadline, Plaintiff filed a document he titled "Order Granting Stipulated Motion to Continue Trial Pretrial Deadlines and Partial Summary Judgment," requesting permission to represent himself and 30 additional days "to interview and take statements from potential witnesses, and be able to move forward."  Dkt. No. 39.

Plaintiff is entitled to represent himself without the Court's permission.  But Plaintiff has previously been granted one extension of time and has had 45 days (from the date on which his counsel withdrew) in which to "interview and take statements from potential witnesses" and prepare his response to Defendant's motion.  The Court will not grant further time, and will proceed to analyze Defendant's motion on its merits without the benefit of input from Plaintiff.

II.   Defendant's motion for partial summary judgment

When a non-moving party fails to controvert relevant facts supporting a summary judgment motion, those facts are considered established.  Jones v. Halekulani Hotel, Inc., 557 F.2d 1308 (1977); Morrison v. Walker, 404 F.2d 1046 (1969).  Defendant has assembled an array of facts which point to the conclusion that Plaintiff staged the "theft" of the car which is at the heart of this lawsuit.  Plaintiff has failed to provide any evidence to the contrary.

The evidence presented may be summarized as follows:  Plaintiff's car was recovered at a private residence, three days after it was reported stolen.  The keys were recovered from an occupant of the residence (Ms. Nuon), who had driven it earlier in the day and reported no problems with the engine or damage to the interior.  Def Mtn, Declaration of Roslaniec, Exh. E. Ms. Nuon subsequently admitted to the police that the keys were given to her by an individual named Kody Fritz, who did not tell her the car was stolen.  Id. at Exh. A.

When Plaintiff's vehicle was towed to Car Pros Kia Tacoma the following day, it was in considerably different shape than it had been the day before; e.g., the interior had sustained extensive damage inconsistent with the descriptions contained in the police reports from the day it was recovered.  Diagnostic testing on the engine revealed problems consistent with "hydrolock."  Fuel sample testing revealed that the gas had been contaminated with water and some other substance which had turned the fuel green.  Id. at Exh. H.  The mechanics working on the car reported suspicious behavior on Plaintiff's part, including an insistence that the vehicle be declared a total loss *prior* to the engine being inspected.  Id., Exh. B at 36.

During the engine inspection, Plaintiff approached the service technicians, pointed out that the oil cap had been removed and indicated that was where someone had put sugar in the oil. The mechanics confirmed that a granular substance around the open oil spout was in fact sugar and were confused as to how Plaintiff was aware of the fact.  Id., Exh. A. at 3.  At his deposition, Plaintiff claimed to have no recollection of that conversation occurring.  Id., Exh. C, 55:19-56:21.

As of August 2, 2013, Plaintiff refused to further cooperate with Defendant's investigation; on August 5, 2013, Defendant sent him a letter advising him that failure to cooperate might jeopardize coverage for his claim.  Id., Exh. J.  Following several successive

1   attempts to unsuccessfully obtain a second statement from Plaintiff and further testing of the

2   engine fluids, Defendant issued a denial of his claim, citing among other things the terms of his

3   contract which require that the insured cooperate with investigation of any claim.  (Id., Exh. K.)

4          The Court further notes that Plaintiff was arrested and cited for making a False Insurance

5   Claim (in violation of RCW 48.30.230) and that the individual he identified in a photo lineup as

6   having stolen his car (Kody Fritz) later testified to the police that he had been approached by a

7   woman with connections to Plaintiff who paid him $200 for participating in a staged theft of

8   Plaintiff's vehicle.  Fritz also denied doing any damage to either the interior or exterior of the

9   vehicle prior to giving the keys to Ms. Nuon.  Id., Exh. A.

10         Based on the foregoing factual allegations, the Court finds as a matter of law that

11   Defendant conducted a reasonable investigation of Plaintiff's claim and, based on its legitimate

12   suspicion of fraud and Plaintiff's contractual breach of refusing to cooperate, reasonably denied

13   coverage.

14                                         **Conclusion**

15         The Court finds, as a matter of law, that Defendant's denial of Plaintiff's claim was

16   reasonable and on that basis GRANTS the motion for summary judgment dismissing Plaintiff's

17   IFCA claim with prejudice.

18

19         The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

20         Dated this 9th day of September, 2016.

21

22                                         _Barbara J. Rothstein_

23                                         Barbara Jacobs Rothstein
                                           U.S. District Court Judge

24

ORDER DENYING MOTION FOR EXTENSION
OF TIME AND GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT- 4